83,315-01

IN THE COURT OF CRIMINAL
APPEALS OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 23 2015
Abel Acosta, Clerk

EX PARTE

GAYLAND LAMONT EDWARDS

WRIT NO.

W10-55217-Y (A)

APPLICANT'S RESPONSE IN OPPOSITION/REBUTTAL TO
TRIAL COURT'S FINDINGS OF FACT/CONCLUSIONS OF LAW

INEFFECTIVE ASSISTANCE OF COUNSEL — TRIAL

(1). THIS WRITER FOR APPLICANT AGREES THAT THE CITED
CASES IN THE TRIAL COURT'S FINDINGS AND CONCLUSIONS
IS RELEVANT CASE LAW. HOWEVER, THESE CASES ARE
NO LONGER PREVAILING NORMS DUE TO THE REVISION/
AMENDMENT TO ARTICLE 1.051 (ALSO KNOWN AS THE
TEXAS FAIR DEFENSE ACT) T.C.C.P., EFF. JAN. 01, 2002
AND ARTICLE 26.04 T.C.C.P.

(1)(B) APPLICANT ASSERTS THAT TRIAL COUNSEL'S FAILURE TO
RE-URGE OR OBJECT IN RELATION TO THE STATE'S INTENT
TO INTRODUCE EVIDENCE THAT WAS NOT ALLEGED IN THE CHARGING
INSTRUMENT PRIOR TO A REQUEST FOR A LIMITING INSTRUCTION.
COUNSEL KNEW THIS EVIDENCE WAS GOING TO BE INTRODUCED
YET FAILED TO RE-URGE THIS OBJECTION.

(1)(C),(D) IT APPEARS THAT TRIAL COUNSEL IS ATTEMPTING TO TWIST THE FACTS IN HIS FAVOR. NO ONE, NOT THIS WRITER NOR APPLICANT WOULD EVER ABANDON ANY SUCH FACTS THAT ARE SUPPORTED BY THE TRIAL RECORD OR ANY OTHER SUCH RECORD THAT IS CAPABLE OF PROVING DEFENDANT/APPLICANT'S INNOCENCE.

(1)(E) APPLICANT WOULD REFER THIS HONORABLE COURT TO THE TRIAL RECORD: NO WITNESSES WERE ASKED AT THE PUNISHMENT PHASE " IF THEY THOUGHT THEIR TESTIMONY WOULD HAVE MADE A DIFFERENCE HAD THEY BEEN PRESENT AND CALLED DURING APPLICANT'S GUILT/INNOCENCE PHASE OF TRIAL;

    RE: VOL 3, Pt 2 PG. 201 LINES 18-20 " VICKI EDWARDS" PG. 211 LINES 19-21 " SO HAD I CALLED YOU EARLIER TO TESTIFY, YOU WOULD HAVE HAD TO EXPRESS THAT SAME TRUTHFUL AND HONEST OPINION IF I HAD ASKED YOU THAT;" ISN'T THAT RIGHT?

    (THE PROBLEM LIES IN "IF" I HAD ASKED YOU THAT) RE: VOL 3, Pt 2 PG. 212 LINES 7-9 "JACK EDWARDS" PG. 214 LINES 19-20 " SO YOU WOULDN'T HAVE BEEN ABLE TO TESTIFY ABOUT ANY OF THE FACTS OF THE CASE, RIGHT? (AGAIN, ■ THE ABOVE QUESTION IS IMPLIED).

RE: VOL 3, Pt 2 PG. 215 LINES 5-7 "TABITHA RONEY"
PGS. 216 - ███ 217 LINES 24-25 "AND SO, IF I HAD
OF CALLED YOU TO TESTIFY IN FRONT OF A JURY
A LITTLE EARLIER, YOU [HAVE] WOULD HAVE TO —
(LINES) 1 PG. 217) BE TRUTHFUL ABOUT THAT AND SAY
WHAT YOU SAID, RIGHT? (AGAIN, THE JURY IS
NOT PRESENT, THUS, REGARDLESS OF THEIR RESPONSE
OR TESTIMONY IT IS IMPOSSIBLE TO ASCERTAIN HOW
THIS WOULD HAVE AFFECTED THE JURY'S VERDICT;
FURTHER, MS. TABITHA RONEY WAS PRESENT DURING
THE GUILT/INNOCENCE PHASE BUT SHE WAS NOT
CALLED UPON).
RE: VOL 3, Pt 2 PG. 219 LINES 8-10 "ANGELA BOTHWELL"
PG. 221 LINES 12-14 "AND IF YOU HAD TESTIFIED EARLIER
IN FRONT OF A JURY DURING THE OTHER PART OF THE
TRIAL, YOU WOULD HAVE HAD TO BE HONEST LIKE YOU
JUST WERE; IS THAT RIGHT? (HERE TOO, IT IS IMPORTANT
TO NOTE THAT MS. ANGELA BOTHWELL WAS ALSO PRESENT
DURING THE OTHER PART OF THE TRIAL (GUILT/INNOCENCE
PHASE) HOWEVER SHE TOO WAS NOT CALLED UPON).

(2). THE TRIAL COURT'S FINDING AND CONCLUSIONS OF LAW
AS WELL AS THE STATE'S RESPONSE AGREE THAT THE

③

ISSUES REGARDING JUDICIAL MISCONDUCT AND JUROR
MISCONDUCT ARE BASED ON THE RECORD; STATING THAT
"THE COURT BOUGHT LUNCH FOR THE JURORS SO THAT
THEY COULD CONTINUE DELIBERATIONS." THE TRIAL
RECORD REFLECTS : VOL 3, PG 143 LINES 13-18
"OKAY, FOLKS. IT IS LUNCHTIME. THE PIZZA IS NOT
HERE. IT SHOULD BE IN A SECOND. THERE ARE DRINK
MACHINES DOWN THE HALL. DON'T TALK ABOUT THE
CASE. AND BE BACK HERE READY TO GO AT 1:00 O'CLOCK.
ALL RISE FOR THE JURY. (THE JURY LEFT THE COURT-
ROOM). THIS WAS AT APPROXIMATELY 11:30/11:35 A.M
THUS, THE TRIAL COURT'S FINDINGS THAT THE COURT
BOUGHT LUNCH FOR THE JURORS SO THAT THEY
COULD CONTINUE DELIBERATIONS IS A GROSS MIS-
STATEMENT THAT BORDERS JUDICIAL MISCONDUCT
BY THE TRIAL COURT IN ITS FINDINGS AND CON-
CLUSIONS OF LAW.
THE JURY DID NOT START DELIBERATIONS UNTIL
WELL AFTER LUNCH; SEE VOL 3 Pt 2 PG 185
LINE(S) 18, 19 " ALL RISE FOR THE JURY. (JURY LEFT
THE COURTROOM).
REGARDING WHETHER THE COURT [DID] OR DID NOT CON-
DITION HIS PURCHASE OF LUNCH ON THE JURORS RENDERING

A PARTICULAR VERDICT, IS IRRELEVANT — IF HE INTENTIONALLY OR KNOWINGLY OFFERS, CONFERS, OR AGREES TO CONFER ON ANOTHER . . . . ANY BENEFIT AS CONSIDERATION FOR THE RECIPIENT'S DECISION, VOTE, RECOMMENDATION, OR OTHER EXERCISE OF OFFICIAL DISCRETION . . . . IN A JUDICIAL OR ADMINISTRATIVE PROCEEDING . . .

(3). IN THE COURT'S FINDINGS AND CONCLUSIONS; IT STATE'S THAT THE APPLICANT DOES NOT ASSERT THAT THE STATE DID NOT DISCLOSE THE EVIDENCE THAT THE COMPLAINANT HAD ASSERTED SHE WAS SEXUALLY ABUSED BY ANOTHER . . . . THE TRIAL RECORD IS CLEAR THAT THE STATE KNEW OF THIS BUT FAILED TO BRING TO THE INVESTIGATION ALL THE EVIDENCE TENDING TO PRODUCE CONVICTION OR ACQUITTAL — SEE WRIT AT PG 8-9. FURTHER WHEN APPLICANT ATTEMPTED TO RAISE THIS AT THE PUNISHMENT HE WAS INSTRUCTED BY TRIAL COUNSEL NOT TO GO THERE. THEREFORE BOTH THE STATE AS WELL AS TRIAL COUNSEL WERE AWARE.

4). NO AFFIDAVIT FROM FORMER JUDGE MICHAEL SNIPES NOR APPELLATE COUNSEL IT IS BELIEVED THAT

THE TRIAL JUDGE, MICHAEL SNIPES, HAS RESIGNED AND THAT PUBLIC DEFENDER KATHLEEN WALSH FAILED TO MAKE HER AFFIDAVIT.

WHEREFORE, APPLICANT PRAYS THAT THIS HONORABLE COURT OF CRIMINAL APPEALS ACCEPT AND CONSIDER APPLICANT'S RESPONSE IN OPPOSITION/REBUTTAL TO THE TRIAL COURT'S FINDINGS AND CONCLUSIONS OF LAW.

RESPECTFULLY,

*Gayland Edwards*

GAYLAND LAMONT EDWARDS #1769899
POLUNSKY UNIT
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS 77351

CERTIFICATE OF SERVICE

I, GAYLAND LAMONT EDWARDS, NO. 1769899 ATTEST UNDER PENALTY OF PERJURY THAT ALL THINGS CONTAINED HEREIN ARE TRUE AND CORRECT.

*Gayland Edwards*

GAYLAND LAMONT EDWARDS #1769899

SIGNED            07/19/2015